UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LINNET DEVLIN AND<br>LEE S. AMES,<br><br>    PLAINTIFFS<br><br>v.<br><br>JOHN HAMMONTREE AND<br>WAYNE BISSONETT,<br><br>    DEFENDANTS | CIVIL NO. 08-55-P-H |

**DECISION AND ORDER ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

  This is a lawsuit under the public accommodations subchapter of the federal Americans with Disabilities Act ("ADA"). It grows out of an incident that occurred in a grocery store in South Paris, Maine. Under federal law, a grocery store is a place of public accommodation. 42 U.S.C. 12181(7)(E). Because the plaintiffs chose to sue the assistant store manager and the corporate president, rather than the corporation that owns and operates the store, I **GRANT** the defendants' motion for summary judgment.

  The ADA public accommodations provisions govern only a "person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Some courts have held that an individual may be liable under the statute, but only if he/she owns, leases, or operates the place of public accommodation. See Emerson v. Thiel College, 296 F.3d 184, 189 (3d Cir. 2002);

Coddington v. Adelphi Univ., 45 F. Supp. 2d 211, 215 (E.D.N.Y. 1999) ("[W]hether a person is a proper defendant under the ADA turns not on whether the defendant is a person, partnership, corporation or other entity but, instead, whether the defendant *owns, leases* or *operates* a place of public accommodation within the meaning of the ADA." (emphasis in original)).

Here, the plaintiffs have admitted that the corporation is the owner of the store, see Pls.' Opp'n to Defs.' Mot. for Summ. J. ("Pls.' Opp'n") 4 ¶ 2 (Docket Item 30), and they have not disputed the defendants' assertion that the corporation also *operates* the store. See Defs.' Statement of Material Facts ¶ 2 (Docket Item 26). Moreover, they have not alleged that either of the defendants, in fact, operates the store, within the meaning of the statute. See Neff v. Am. Dairy Queen Corp., 58 F.3d 1063, 1066-67 (5th Cir. 1995) (construing the term "operates" in § 12182(a)). The plaintiffs assert that questions of fact remain as to whether "Defendant Hammontree failed to train, instruct, supervise, or otherwise inform the defendant Bissonett that it was a Federal crime to discriminate against the plaintiffs on the basis of their disabilities[,]" Pls.' Opp'n 6 ¶ 2, and whether "the defendants had no policy to . . . accommodate disabled customers . . . ." Id. at 7 ¶ 7. But in light of the uncontested statement of material fact that the corporation owns and operates the store, the plaintiffs' statements are not enough to raise a genuine issue of fact on the question of ownership or operation. Under the statute, the corporation is the proper defendant.

The plaintiffs say that they would like to continue with discovery and refer to Fed. R. Civ. P. 56(f), but they have not pointed to any discovery that would

change the legal conclusion here. (Rule 56(f) requires a party to show "by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition . . . .") The plaintiffs can sue only the owner or operator of the premises. They have admitted that a corporation owns the premises, and they have failed to dispute the defendants' assertion that the corporation also operates the premises. I understand that the plaintiffs might not have realized at the outset that they needed to sue the corporation, but that should have become clear to them upon receiving the defendants' motion for summary judgment.

Although that disposes of this case, I also point out to the plaintiffs, who are proceeding without a lawyer, that even if they had sued the correct defendant, damages are not available to private plaintiffs under the public accommodations provisions of the ADA. Goodwin v. C.N.J., Inc., 436 F.3d 44, 50 (1st Cir. 2006).[1] Only the Attorney General can bring a suit for damages. 42 U.S.C. § 12188(b)(2)(B). I express no view on whether declaratory or injunctive relief against the corporation would be appropriate. (The defendants point out that one defendant, the assistant store manager, is no longer employed there. Defs.' Statement of Material Facts ¶ 19.)

---

[1] The defendants make this argument in their legal memorandum. Defs.' Mot. for Summ. J. 4 (Docket Item 25).

The motion for summary judgment is **GRANTED**.

**SO ORDERED.**

**DATED THIS 19TH DAY OF JUNE, 2008**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**